**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherryl Lynn Reed, | No. CV-22-01441-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Sherryl Lynn Reed's Application for Social Security Disability Insurance benefits by the Social Security Administration. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. The Court now addresses Plaintiff's Opening Brief (Doc. 15, "Pl. Br."), Defendant Social Security Administration Commissioner's Response Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply Brief (Doc. 18). The Court has reviewed the briefs and the administrative record (Doc. 12, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 581–610) as upheld by the Appeals Council (R. at 575–80).

**I.    BACKGROUND**

Plaintiff filed her Application for Social Security Disability Insurance benefits on December 9, 2014 for a period of disability with an alleged onset date of August 5, 2012. (R. at 13, 584.) Her claim was denied initially on April 16, 2015, and upon reconsideration on August 27, 2015. (R. at 13.) On June 2, 2017, Plaintiff appeared before the ALJ for a hearing regarding her claim. (*Id.*) The ALJ denied Plaintiff's claim on November 1, 2017

(R. at 10–32 (the "2017 Decision").) On August 28, 2018, the Appeals Council denied Plaintiff's Request for Review. (R. at 1–6.) Plaintiff appealed to this Court.

On January 11, 2021, District Judge Susan M. Brnovich reversed the ALJ's decision as upheld by the Appeals Council and remanded for further administrative proceedings. (R. at 665–72.) *Reed v. Comm'r of Soc. Sec. Admin.*, No. CV-18-03579-PHX-SMB, 2021 WL 82241, at *4 (D. Ariz. Jan. 11, 2021). On February 9, 2022, Plaintiff appeared before the ALJ for a second hearing. (R. at 584.) The ALJ again denied Plaintiff's claim on April 18, 2022. (*Id.* at 581–610 (the "2022 Decision").) On June 27, 2022, the Appeals Council denied Plaintiff's Request for Review. (R. at 575–80.) This appeal followed.

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of degenerative disc disease of the lumbar spine, lumbar stenosis, status post multiple lumbar surgeries, post laminectomy syndrome, left knee joint effusion, paroxysmal supraventricular tachycardia, hypertension, fibromyalgia, asthma, and gastroesophageal reflux disease. (R. at 587.[1]) Ultimately, the ALJ evaluated the medical evidence and testimony from Plaintiff and a vocational expert ("VE"), and concluded that Plaintiff was not disabled for the relevant time period beginning on August 5, 2012, and ending on December 31, 2014, the date she was last insured. (R. at 584–605.)

The ALJ first determined that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 591-92.) The ALJ then determined that Plaintiff has the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations. The claimant could lift and/or carry 10 pounds occasionally and five pounds frequently. The claimant could sit six hours with normal breaks and stand and/or walk for a total of 4 hours with normal

---

[1] As Plaintiff stated in her Opening Brief, the instant appeal specifically focuses on her "chronic pain from her lumbar spine impairments, [her] symptom testimony about that pain, and the ALJ's legal error when evaluating that symptom testimony." (Pl. Br. at 3 n.3.)

> breaks during an 8 hour day. She could frequently climb ramps and stairs, but was unable to climb ladders, ropes, scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. She should not have had concentrated exposure to extreme cold, wetness, vibration, fumes, odors, dusts, gases, and poor ventilation. She should not have been exposed to hazards, such as moving machinery and unprotected heights.

(R. 593.) The ALJ emphasized this RFC reflected Plaintiff's limitations only during the relevant time period. (R. at 594.) Accordingly, although the ALJ found Plaintiff's "impairments appear to have worsened over time," the ALJ nonetheless concluded "the record does not support a finding that she was more limited than found in this decision prior to the expiration of the date last insured." (*Id.*) The ALJ found Plaintiff was capable of performing her past relevant work as an insurance clerk, such that she was not under a disability as defined in the Social Security Act during the relevant period. (R. 604–05.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

*v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises one argument for the Court's consideration: that the ALJ erred in rejecting her symptom testimony without providing sufficient and adequately supported reasons for doing so. Because the ALJ found Plaintiff had presented objective medical evidence of an impairment which could reasonably be expected to produce her alleged symptoms and made no finding of malingering (*see* R. at 593), the question is whether the ALJ provided "specific, clear and convincing reasons" for rejecting Plaintiff's testimony regarding the severity of her symptoms. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citations and quotation marks omitted).

The Court begins its analysis of that question by reviewing Judge Brnovich's Order reversing the ALJ's 2017 Decision. In that appeal, as in this one, Plaintiff raised only the issue of the ALJ's rejection of her symptom testimony. *Reed*, 2021 WL 82241, at *2.

Judge Brnovich began by summarizing Plaintiff's testimony at the first hearing. There, Plaintiff testified she had stopped working due to severe spinal issues that required multiple surgeries and caused her pain. *Id*. (citing R. at 40, 44–47). She testified that while surgeries in August 2012 and July 2014 provided some initial relief of her symptoms, the relief was neither lasting nor complete. *Id*. (citing 44–47). Medications and physical therapy likewise provided only partial and temporary relief. *Id*. (citing 44–47).

Judge Brnovich then summarized the ALJ's evaluation of Plaintiff's symptom testimony, identifying several reasons the ALJ gave for ultimately rejecting it:

> First, the ALJ found that the objective medical evidence does not fully corroborate Plaintiff's allegations. (R. at 22.) Next, the ALJ found that Plaintiff made inconsistent statements regarding her improvement after surgeries and the absence of side effects from her medication. (*Id*. at 23.) Specifically, the ALJ cited a single record where Plaintiff reported she was doing better following her second spinal surgery. (*Id*.) She also cited as inconsistencies several records where Plaintiff does not report side effects from medications. (*Id*.) The ALJ also rejected Plaintiff's symptom testimony because her "chronic pain was well-controlled with muscle relaxants and narcotic pain relievers." (*Id*.) Finally, the ALJ found that Plaintiff pursued only conservative treatment for her impairments. (*Id*. at 26.)

*Id.* at *3. Upon review of the record, however, Judge Brnovich concluded that the ALJ's analysis was not supported by substantial evidence. *Id*. at *3–4.

Judge Brnovich held the ALJ's reliance on Plaintiff's purported inconsistent statements was misplaced. *Id*. at *3. Judge Brnovich noted that although Plaintiff reported improvement following her surgeries, "the improvement was neither lasting nor complete." *Id*. (citing 44–47). Judge Brnovich found the medical records supported Plaintiff's testimony and indicated that Plaintiff's "improvement after the July 2014 surgery was only partial and temporary." *Id*. (citing R. at 365, 370, 476, 481, 485, 490, 499).

> Significantly, the improvement the ALJ cites covers only a small portion of the relevant period and does not justify the wholesale rejection of Plaintiff's allegations. The fact that Plaintiff reports significant improvement (at least temporarily) after her second surgery, *bolsters* her reports that she did not experience lasting improvement following her first surgery in August 2012. It indicates that her pain was severe and persistent enough following her first

- 5 -

>surgery to require another surgery. Accordingly, it was error for the ALJ to reject Plaintiff's testimony based on isolated, partial, and temporary improvement. *See Trevizo v. Berryhill*, 871 F.3d 664, 679–80 (9th Cir. 1995).

*Id.* (emphasis in original). Judge Brnovich similarly rejected the ALJ's reliance on the absence of documented side effects to find an inconsistency with Plaintiff's testimony that certain medications made her head feel "cloudy," noting this amounted only to "a minor, isolated, and peripheral discrepancy." *Id.* (citing R. at 48–49 and *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883–84 (9th Cir. 2006)). Judge Brnovich noted that "Plaintiff's central allegations hardly concern side effects due to medication and the heart of her testimony is bolstered rather than contradicted by the bulk of the medical evidence." *Id.*

Judge Brnovich did not find the other offered rationales sufficient either. She found the evidence did not "support the ALJ's conclusion that Plaintiff's symptoms were well-controlled with medication," but rather indicated that her symptoms were "persistently limiting despite medication." *Id.* Judge Brnovich also noted that a lack of fully corroborating medical evidence is an insufficient ground for rejecting symptom testimony absent additional justification. *Id.* at *4. Further, "much of the objective evidence corroborates Plaintiff's allegations that spinal issues caused pain which necessitated multiple surgeries that only provided partial and temporary relief." *Id.* at *4 (citing R. at 44–47). Judge Brnovich found the ALJ's assertion that Plaintiff "pursued only conservative treatment for her impairments" (R. at 26) was plainly contradicted by "Plaintiff's regular use of opioid pain medications, physical therapy, and undergoing two spinal surgeries during the relevant period." *Id.* (citing R. at 324, 326, 329–30, 333, 335, 445).

Judge Brnovich therefore concluded that "although the ALJ provided potentially legitimate reasons for rejecting Plaintiff's symptom testimony, they were unsupported by substantial evidence." *Id.* Judge Brnovich held the appropriate remedy was to remand for further proceedings because although "the record is fully developed . . . , the Court cannot say that the ALJ would be required to find claimant disabled upon further review." *Id.*

The question now presented is whether the ALJ erred in evaluating Plaintiff's testimony on remand. Plaintiff's testimony at the 2022 hearing was similar to her testimony at the 2017 hearing. Plaintiff again complained of pain in her lower back, as well as muscle spasms and weakness in her right leg. (R. at 626–28.) She also had pain in her neck and had problems with turning her head from side-to-side. (*Id.*) She had weakness in her right hand. (R. at 627.) She had used a cane since her August 2012 surgery. (R. at 623.) When her pain increased, Plaintiff sat in her reclining chair at home, in which she spent a total of around eight hours throughout the day. (R. at 624.) She could stand or walk for only about ten minutes at a time due to her pain. (*Id.*) She testified that her opioid medications succeeded in taking the "edge off but—by no means did they stop the pain." (R. at 621.) Plaintiff cooked meals and washed the dishes about once or twice per week, but did not shop for groceries because she "can't walk that long." (R. at 624–25.)

The ALJ provided several reasons for again rejecting Plaintiff's symptom testimony, many of which were the same as, or similar to, those Judge Brnovich found lacking in support. The ALJ stated that Plaintiff's "chronic pain was well-controlled with muscle relaxants and narcotic pain relievers," noted that Plaintiff "frequently reported her pain as between 2-5/10 on the pain scale," and cited to treatment notes that Plaintiff's pain was "mild, stable, and she was doing well on her medication combination." (R. at 599.) The ALJ made the same findings in the 2017 Decision (R. at 23), and Judge Brnovich concluded they were inadequately supported. *Reed*, 2021 WL 82241, at *3. It appears the only pertinent addition in the 2022 Decision is a more detailed chronology of Plaintiff's pain-management appointments. (R. at 595–98.) Judge Brnovich already considered this evidence, however, and found it insufficient. *See Reed*, 2021 WL 82241, at *3–4.

The ALJ also found Plaintiff's statements about her pain were inconsistent with her "predominantly unremarkable" clinical examinations. (R. at 599.) The ALJ made the same findings in her 2017 Decision. (R. at 22.) The ALJ's reliance on these clinical examination findings is misplaced. The clinicians' notations of "normal pain behavior" were made simultaneously with their continued prescriptions of opioid pain medications. (R. at 324,

326, 333, 339, 347, 351, 354, 362, 365, 368, 370–71, 476, 485.) As Judge Brnovich observed, the medical records indicate that Plaintiff had "persistent and severe pain." *Reed*, 2021 WL 82241, at *3. Similarly, the clinicians' notations to Plaintiff's "normal mobility" during time-limited functional examinations do not contradict the thrust of Plaintiff's testimony that she "can't walk that long" due to her pain. (R. at 624–25.)

The ALJ also pointed to purported discrepancies between Plaintiff's testimony and other evidence in the record. For example, the ALJ found Plaintiff's statement to a clinician in February 2013 that she was attending physical therapy (R. at 329) to be "inconsistent" with her testimony. (R. at 596.) Defendant points to the portion of Plaintiff's testimony in which the ALJ asked her a compound question about whether she had been "treated with physical therapy or injections" and Plaintiff responded "[t]hat was all done" before her August 2012 surgery. (R. at 623.) If there was any inconsistency between Plaintiff's statement to a clinician in 2013 and her response to a compound question in 2022, it was not so stark as to justify the "wholesale dismissal" of her testimony. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Nor was Plaintiff's failure to do physical therapy "inadequately explained." *Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012). At her 2017 hearing, Plaintiff testified she could not afford to attend the sessions. (R. at 46.)

The ALJ also found that Plaintiff's testimony that she used a cane consistently since August 2012 (R. at 623) was uncorroborated because there was only "minimal evidence" of cane use in Plaintiff's treatment notes. (R. at 602.) It is true the treatment notes only occasionally reflect Plaintiff's use of a cane, so her assertion of consistent use is indeed uncorroborated. But even if, as the ALJ determined, this is a sufficient reason to question a finding that Plaintiff "has required the option to use a cane for any 12-month period" (R. at 602), it is not a sufficient reason to entirely discount Plaintiff's pain testimony.

Finally, the ALJ pointed to Plaintiff's activities of daily life in assessing her subjective complaints, noting she was able to shop for groceries, maintain her hygiene, prepare meals, perform housework, and attend family events. (R. at 589–90, 603.) But the ALJ credited Plaintiff's statement that "these activities were becoming more difficult due

to her medical conditions." (R. at 590.) She also told a consultative medical examiner in March 2015 that her pain got "much worse with activities such as prolonged standing, sitting or walking." (R. at 435.) Fundamentally, the ALJ failed to identify the physical requirements of Plaintiff's daily activities and convincingly explain how they "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113; *see also Pressley v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01672-PHX-DGC, 2021 WL 5193511, at *12 (D. Ariz. Nov. 9, 2021) ("The citations provided by the ALJ for each activity considered—driving, gardening, and caregiving—are ambiguous and do not establish the level of engagement required in this Circuit for an adverse credibility determination.").

Thus, the Court again must conclude that the ALJ's proffered reasons for rejecting Plaintiff's symptom testimony are not supported by substantial evidence. This was not a harmless error. At the 2022 hearing, Plaintiff's counsel asked the VE whether someone with the limitations to which Plaintiff testified could find competitive work in the national economy, and the VE responded negatively. (R. at 634.) The VE testified the same would be true even if someone in Plaintiff's position had somewhat less extreme limitations, such as being off-task 20% of time, missing two or three days of work per month, or requiring the option to use a recliner 50% of the time. (R. at 633.) If credited, Plaintiff's testimony would preclude her ability to work. The ALJ's decision therefore must be reversed.

The remaining question is the proper remedy. Plaintiff argues her case should be remanded for calculation of benefits under the credit-as-true rule. The Court agrees that Plaintiff's case presents the "rare circumstances" in which this remedy is warranted. *Treichler*, 775 F.3d at 1099. First, the record is fully developed. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Second, for the reasons stated above, the Court finds the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony. *Id.* Third, if Plaintiff's testimony "were credited as true, the ALJ would be required to find [her] disabled on remand." *Id*. The ALJ already determined that Plaintiff's medical records reflect medically determinable impairments that could reasonably be expected to cause her alleged symptoms. (R. at 593.) The ALJ's determination of non-disability hinged on her

finding that Plaintiff's testimony was not credible. (*See* R. at 603.) If Plaintiff's testimony is credited, however, it would compel a finding of disability, as Plaintiff's self-assessments of disabling pain have support in the medical record and were determined to be work-preclusive by the VE. Defendant has not identified any useful purpose that would be served by remanding this case for the ALJ to evaluate Plaintiff's credibility a third time. The Court therefore will remand this case for calculation of benefits without further proceedings. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 & n. 12 (9th Cir. 2007) (remanding for benefits determination where further proceedings were "unnecessary because the ALJ did not provide a legally sufficient basis for rejecting [the claimant's] testimony, which *alone* establishes that he is entitled to benefits" (emphasis in original)).

**IT IS THEREFORE ORDERED** reversing the Administrative Law Judge's April 18, 2022 decision (R. at 581–610) as upheld by the Appeals Council (R. at 575–80).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 21st day of September, 2023.

Honorable John J. Tuchi
United States District Judge